IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Jedidiah Murphy, | : | |
|     Plaintiff, | : | |
| | : | **THIS IS A CAPITAL CASE** |
| v. | : | |
| | : | **EXECUTION SET FOR** |
| Alexander Jones, Chief of Police, | : | **OCTOBER 10, 2023** |
| Arlington, Texas | : | |
| | : | Case No. 1:23-cv-01170-RP |
| | : | |
| Ali Nasser, Assistant Attorney | : | |
| General, District Attorney *Pro Tem*, | : | |
| | : | |
|     Defendants. | : | |

## MOTION FOR STAY OF EXECUTION

Jedidiah Murphy, a prisoner on Texas's death row who has a 42 U.S.C. § 1983 action pending concerning the State of Texas's interference with his ability to obtain DNA testing, respectfully moves this Honorable Court to stay his October 10th, 2023 execution.

A stay of execution is sometimes necessary to allow adjudication of pending litigation, including § 1983 actions just like Mr. Murphy's. *See, e.g., Skinner v. Switzer*, 559 U.S. 1033 (2010) (granting stay of execution to permit adjudication of Section 1983 complaint concerning the same postconviction testing procedures); *Young v. Gutierrez*, 895 F.3d 829, 830-31 (5th Cir. 2018) (applying *Skinner* to rule

1

District Court has jurisdiction to issue stay of execution for Section 1983 action against Board of Pardons and Paroles concerning clemency procedures).

### Authority For and Propriety of a Stay

A stay of execution is a matter of equity, and is considered in light of the following factors: 1) whether the stay applicant is likely to succeed on the merits of his suit; 2) whether he will be irreparably injured without a stay; 3) whether the other interested parties will be substantially injured by a stay; and 4) the public interest. *Young*, 895 F.3d at 831 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Mr. Murphy satisfies the first factor, as United States District Court for the Southern District of Texas has already held that the very same Texas practice violates the federal constitution for precisely the same reasons. *Gutierrez v. Saenz et al.*, No. 1:19-cv-185, Dkt. No. 141 (S.D.Tx. Mar. 23, 2021). This factor does not require a showing of "probability of success on the merits," but rather "a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities* [i.e., the other three factors] *weighs heavily in the favor of granting a stay*." *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (emphasis and brackets in original; internal quotations omitted). Here, the District Court's ruling in *Gutierrez* demonstrates at minimum a "substantial case on the merits"; and the balance of equities also weigh in favor of a stay.

Mr. Murphy satisfies the second factor because death is irreparable. "In a capital case, the possibility of irreparable injury weighs heavily in the movant's favor. . . . we must be particularly certain that the legal issues 'have been sufficiently

2

litigated,' and the criminal defendant accorded all the protections guaranteed him by the Constitution of the United States." *O'Bryan*, 681 F.2d at 708 (quoting *Evans v. Bennett*, 440 U.S. 1301, 1303 (1979) (Rehnquist, J., granting a stay of execution)). The balance of harm between Mr. Murphy and the State of Texas (the party interested in carrying out Mr. Murphy's execution), as well as the public interest, weigh in favor of a stay for the same reason. The pending legal issues have simply not been sufficiently litigated at this point in time.

As to any harm to the State, represented by the Office of the Attorney General as prosecution *pro tem* in this case, prosecutors are meant to "seek justice within the bounds of the law, not merely to convict." In this way, the "prosecutor serves the public interest[.]" American Bar Association, Criminal Justice Standards for the Prosecution Function, 4th Ed. (2017), Standard 3-1.2, Functions and Duties of the Prosecutor; American Bar Association, Model Rules of Professional Conduct, Rule 3.8 (Special Responsibilities of a Prosecutor), cmt. 1 ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice[.]"). *See also Berger* v. *United States*, 295 U.S. 78, 88 (1935) (prosecutor's "interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done").

For these reasons, a stay of execution is proper, equitable, and necessary.

### Alternative Authority to Issue a Stay of Execution in this Case

In the alternative to the above authority, this Court has the power to stay Mr. Murphy's execution under 28 United States Code § 1651(a), the "All Writs Act," by

which Congress vested this Court with the authority to "issue all writs necessary or appropriate in aid of [its] jurisdiction[.]" Here, this Court has jurisdiction to hear Mr. Murphy's civil rights action; and thus has authority to act in aid of that jurisdiction.

Mr. Murphy further has a federal statutory right to counsel to pursue his petition for executive clemency; and to pursue stays of execution. 18 U.S.C. § 3599(e); *Wilkins v. Davis*, 832 F.3d 547, 557–58 (5th Cir. 2016). And once the § 3599 right to counsel is triggered, District Courts possess authority to issue stays "where necessary to give effect to that statutory right." *McFarland v. Scott*, 512 U.S. 849, 859 (1994). Although *MacFarland* concerned the statutory right to counsel for purposes of filing a federal habeas petition under 28 U.S.C. § 2254, the Court has since made it clear that the same statute provides counsel for purposes of clemency, as well as pursuing stays of execution. *Harbison v. Bell*, 556 U.S. 180, 194 (2009) ("In authorizing federally funded counsel to represent their state clients in clemency proceedings, Congress ensured that no prisoner would be put to death without meaningful access to the 'fail-safe' of our justice system.").

## **CONCLUSION AND PRAYER FOR RELIEF**

In reliance on the above authorities and arguments, Mr. Murphy respectfully requests a stay of his October 10th, 2023 execution date, until this Court resolves his above-captioned action.

Respectfully Submitted,

/s/ Katherine Froyen Black

Katherine Froyen Black
Texas Bar No. 24099910
205 Blue Ridge Trail
Austin, Texas 78746
Tel. (415) 847-6127
E-mail: kfroyen@gmail.com

Catherine Clare Bernhard
Texas Bar No. 02216575
P.O. Box 506
Seagoville, Texas 75159

Russell D. Hunt, Jr.
Texas Bar No. 00790937
310 S. Austin Ave.
Georgetown, TX 78626

Counsel for Jedidiah Murphy

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE CV-7(h)**

On the 28th day of September, 2023, the undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion, and was advised that opposing counsel opposed this Motion. Opposing counsel intends to file an opposition stating their grounds.

/s/ Katherine Froyen Black

Katherine Froyen Black
Texas Bar No. 24099910
205 Blue Ridge Trail
Austin, Texas 78746
Tel. (415) 847-6127
E-mail: kfroyen@gmail.com

Counsel for Jedidiah Murphy

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the 28th day of September, 2023, I served the foregoing pleading on the following persons by electronic mail at: Ali.Nasser@oag.texas.gov (Ali Nasser) and CityAttorneysOffice@arlingtontx.gov (Alexander Jones).

/s/ Katherine Froyen Black

Katherine Froyen Black
Texas Bar No. 24099910
205 Blue Ridge Trail
Austin, Texas 78746
Tel. (415) 847-6127
E-mail: kfroyen@gmail.com

Counsel for Jedidiah Murphy